# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUIS RAMEY, | : | Civil No. 3:19-cv-0636 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| ROBERT MARSH, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Marquis Ramey ("Ramey"), a state inmate incarcerated at the State Correctional Institution at Benner Township ("SCI-Benner"), Pennsylvania, initiated this action in the Court of Common Pleas of Centre County, Pennsylvania on February 25, 2019, naming Robert Marsh ("Marsh") as the sole defendant. (Doc. 1-2). On April 12, 2019, in accordance with 28 U.S.C. § 1446, Marsh removed the action to this Court.

Presently pending is Marsh's motion (Doc. 4) to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Marsh raises, *inter alia*, Ramey's failure to exhaust his administrative remedies. Therefore, in accordance with Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), the Court notified the parties that it would consider the issue in its role as fact finder and afforded the parties an opportunity to be heard under Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013). (Doc. 10).

The motion is ripe for disposition and, for the reasons set forth below, the motion will be granted in part and denied in part. Also, a portion of the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I. Ramey's Complaint

Ramey, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") currently housed at SCI-Benner, complains of three separate and distinct incidents. (Doc. 1-2). He first alleges that on October 6, 2018, members of the Restricted Housing Unit ("RHU") confiscated his legal material while he "was in the process of his criminal appeal and grievance appeal" in violation of the First Amendment. (Id. at ¶ 3). He next alleges that in August 2018, he urinated in a corner because he was denied access to the bathroom. (Id. at 4). This conduct resulted in a misconduct charge of indecent exposure. (Id.) He contends that "punishment does not fit the crime" because denial of access to a bathroom is a form of cruel and unusual punishment. (Id.). His third claim is that on July 26, 2018, medical personnel denied him a wheelchair even though he cannot walk. (Id. at 5).

He seeks compensatory damages. (Id. at p. 3).

## II. Standards of Review

Under 28 U.S.C. § 1915A, federal district courts must "review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (stating "[t]he court shall dismiss the case

at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted...."); 42 U.S.C. § 1997e(c)(1) (stating "[t]he Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action ... fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82

F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting

4

FED. R. CIV. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

A.       28 U.S.C. §1915(e)(2)(B)(ii)

Ramey's second claim is not cognizable under §1983. "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under §1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, at 486–87 (1994). In Edwards v. Balisok, the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action. Edwards, 520 U.S. 641. "A state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). In his opposition brief, Ramey contends that the discipline he received as a result of his misconduct violated the Eighth Amendment. (Doc. 11, p. 2). Because success in such an action would imply the invalidity of the underlying disciplinary proceedings, the claim is barred by Heck. This claim will be dismissed without prejudice to Ramey's ability to assert this claim if he is able to invalidate his disciplinary sanctions in the future. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

B. Rule 12(b)(6) motion

1. Administrative Exhaustion

Marsh seek dismissal of Ramey's first and third claims based on his failure exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996 (the "PLRA"). The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, —U.S. —; 136 S. Ct. 1850, 1856 (2016); see Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust–irrespective of 'special circumstances.'" Id. "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. See Miller v. French, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." Id. at 1856-57. "Of course, exhaustion applies only when administrative remedies are 'available.' Under certain circumstances, a nominally extant prison grievance policy is not truly an 'available' remedy. Ross v. Blake, ––– U.S. ––––, 136 S. Ct. 1850, 195 L.Ed.2d 117 (2016). This applies when the procedure 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," where it is "so opaque that it becomes, practically speaking, incapable of use,' or 'when prison administrators thwart inmates from taking advantage

7

of a grievance process through machination, misrepresentation, or intimidation.' Id. at 1859–60." Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019)

The PLRA mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court, which demands compliance with an agency's deadlines and other procedural rules. Woodford v. Ngo, 548 U.S. 81, 92 (2006); Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004) (concluding that the PLRA includes a procedural default component); Rivera v. Pa. Dep't of Corr., 388 F.App'x 107, 108 (3d Cir. 2010) (stating "[a]n inmate must exhaust his administrative remedies prior to filing a civil action in federal court."). Inmates who fail to fully, or timely, complete the prison grievance process, or who fail to identify the named defendants, are barred from subsequently litigating claims in federal court. See Spruill, 372 F.3d 218. Notably, prison administration must also comply with the demands of the system. "[A]s soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement." Shifflett, 934 F.3d at 365.

Whether an inmate has properly exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. See Small v. Camden County, 728 F.3d. 265, 268 (3d Cir. 2013); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010).

Marsh seeks dismissal of the first claim based on Ramey's failure to utilize the proper administrative exhaustion avenue. Pennsylvania Department of Corrections ("DOC) Administrative Directive, DC-ADM 804, provides inmates with a multi-step administrative process to raise and resolve issues arising during incarceration. (Doc. 7, p. 4, citing DC-ADM-804). DC-ADM 801 addresses Inmate Discipline Procedures and sets forth an appeal procedure to be followed. (Id.). According to the record, Ramey raised the issue of the confiscation of his legal materials by filing a grievance pursuant to DC-ADM 804, and pursued the issue to final review. (Doc. 7-2, pp. 1-5; Doc. 11, p. 11). Each level of administrative review resulted in rejection of the grievance on the basis that it should have been brought pursuant to DC-ADM 801, because it pertained to a misconduct given to the Ramey. The Court disagrees with this characterization of Ramey's issue. The confiscation of his legal materials bears no relation to the "smoking where prohibited" misconduct charges brought against him. (Doc. 11, p. 2). He properly utilized DC-ADM-804 in raising the issue and pursued it to final review. Ramey's efforts satisfy the PLRA exhaustion requirement. As such, Marsh's motion to dismiss this claim based on the failure to exhaust will be denied.

Marsh also contends that Ramey's third claim is subject to dismissal based on Ramey's failure to seek administrative review. Specifically, there is no documentation that Ramey ever grieved the issue. (Doc. 7, p. 7). Ramey does not dispute that he failed to exhaust this claim. Rather, he seems to argue that exhaustion should be excused because his need for a wheelchair is obvious. (Doc. 11, p. 3). As noted *supra*, a court

9

may not excuse a failure to exhaust available administrative remedies. This claim will be dismissed based on Ramey's failure to exhaust his administrative remedies.

2. Personal Involvement

Marsh alternatively seeks dismissal based on Ramey's failure to allege that he was personally involved in the confiscation and destruction of his legal materials. Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of *respondeat superior*." Id. In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

Ramey wholly fails to allege that Marsh was personally involved in either the confiscation or destruction of his legal materials. Consequently, the claim is subject to dismissal. However, "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle, 429 U.S. at106). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile*.*" Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988); *see also* Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). Because amendment may cure the deficiencies, Ramey will be afforded the opportunity to amend his claim that he was allegedly denied access to the courts as a result of the October 6, 2018 confiscation and destruction of his legal material by "members of the RHU" at SCI Benner.

### III. Conclusion

Based on the foregoing, Defendant's motion (Doc. 4) to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted with respect to the first

and third claim.  The second claim will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:  November  22, 2019