IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARQUIS RAMEY, | No. 3:19-CV-00636 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| OFFICER HOLT, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 24, 2022

Plaintiff Marquis Ramey is currently incarcerated at the State Correctional Institution, Benner Township (SCI Benner), in Bellefonte, Pennsylvania. He filed this *pro se* Section 1983[1] action in 2019, alleging unlawful conduct by SCI Benner officials. Ramey asserts constitutional tort claims under the First, Sixth, and Fourteenth Amendments. Presently pending is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2] Because Ramey has failed to meet his Rule 56 burden as to any of his Section 1983 claims, the Court must grant judgment in Defendants' favor.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] Doc. 45.

I.      **FACTUAL BACKGROUND**[3]

Ramey initial filed suit in early 2019 in the Court of Common Pleas of Centre County, Pennsylvania.[4] Robert Marsh, the only defendant specifically named in the complaint, removed the case to this Court.[5] Marsh then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Rule 56.[6] The Court granted Marsh's Rule 12(b)(6) motion and dismissed the complaint, but granted Ramey leave to amend.[7]

Ramey filed an amended complaint in March 2020.[8] In his amended complaint, Ramey names as defendants six SCI Benner correctional officers of varying ranks: Officer Dustin Holt, Officer Travis Macidym, Officer Larry Matthews, Officer Scott Alleman, Sergeant Jeremiah Boone, and Lieutenant Justin Schilling.[9] Ramey contends that prison officials confiscated and destroyed his

---

[3] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendants filed a short statement of material facts, *see* Doc. 48, to which Ramey has not responded. Accordingly, those facts are deemed admitted. *See* LOCAL RULE OF COURT 56.1.
[4] Doc. 1-2.
[5] Doc. 1.
[6] Doc. 4.
[7] *See generally* Docs. 17, 18.
[8] Doc. 24.
[9] *Id.* ¶¶ 4-9; *see also* Doc. 29 (waiver of service identifying Defendants' full names). The Court will use the spellings of Defendants' names as provided by their counsel.

legal materials, thereby violating his constitutional rights in two ways: *first*, the confiscation and destruction of his legal materials was done in retaliation for filing prison grievances against the officers involved; *second*, the confiscation and destruction interfered with Ramey's access to the courts by prohibiting him from prosecuting a direct appeal in his state criminal case.[10] Ramey alleges that the prison officials' actions contravene the First, Sixth, and Fourteenth Amendments to the United States Constitution,[11] and seeks compensatory damages, punitive damages, and declaratory relief.[12]

Defendants filed two motions to dismiss[13] the amended complaint but, even though they were granted multiple briefing extensions,[14] failed to file supporting briefs.  Thus, both motions to dismiss were deemed withdrawn pursuant to Local Rule of Court 7.5.[15]  Defendants now move for summary judgment on all claims against them.[16]  Defendants' Rule 56 motion is fully briefed and ripe for disposition.

---

[10]   *See* Doc. 24 at 4.
[11]   *See id.* at 5.
[12]   *Id.* at 5-6.
[13]   Docs. 30, 34.
[14]   *See* Docs. 32, 36.
[15]   *See* Docs. 33, 37.
[16]   *See generally* Doc. 45.  This motion was filed late, but the Court granted Defendants' subsequent motion to deem the Rule 56 filing timely.  *See* Doc. 51.

## II.     STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[17] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[19]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[20] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[21] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[22] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury

---

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[18] FED. R. CIV. P. 56(a).
[19] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[21] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[22] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

could reasonably find for the [nonmovant]."²³ Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.²⁴

## III. DISCUSSION

As noted above, Ramey claims that his First, Sixth, and Fourteenth Amendment rights were violated. However, his amended complaint plainly pleads two claims: retaliation for filing prison grievances and denial of access to the courts. Retaliation for undertaking protected free-speech conduct is a First Amendment claim,²⁵ and denial of the right of access to the courts "is sourced from both the First and Fourteenth Amendments."²⁶ Consequently, none of Ramey's claims involve the Sixth Amendment.

Defendants contend that—regardless of what constitutional provisions Ramey asserts—his claims fail for the following reasons: (1) Ramey has not pled or established personal involvement by the majority of the named Defendants; (2) Ramey has sued Defendants in their official capacities only, so his claims are barred by state sovereign immunity. We agree with Defendants and find that, on

---

²³ *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
²⁴ *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).
²⁵ *See, e.g.*, *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017).
²⁶ *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n.17 (3d Cir. 2018) (internal quotation marks omitted) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008); *Bill Johnson Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983)).

the record before the Court, Ramey has failed to carry his Rule 56 burden on any of his Section 1983 claims.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[27] Rather, a Section 1983 plaintiff must establish facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[28] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through a defendant's "personal direction" or "actual knowledge and acquiescence."[29]

Ramey's amended complaint does not include allegations of personal involvement by any of the named Defendants. After identifying each defendant under the "Jurisdiction" heading of his amended complaint,[30] Ramey then vaguely alleges that "members of the RHU"[31] or "defendants" confiscated and destroyed his legal materials.[32]

At summary judgment, Ramey rectifies this deficiency as to only one Defendant: Schilling. Along with his brief in opposition to Defendants' Rule 56

---

[27] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[28] *Dooley*, 957 F.3d at 374.
[29] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[30] Doc. 24 at 2; Doc. 48 ¶ 9.
[31] "RHU" is the commonly used acronym for the Restrictive Housing Unit.
[32] Doc. 24 at 3-5.

motion, Ramey attached a Form DC-709 "Security Level 5 Housing Unit Activity Restriction Form."[33]  The form establishes that on October 6, 2018, Schilling requested that Ramey's "Bedding Materials" and "paperwork / cell contents" be removed from his cell due to Ramey allegedly destroying property.[34]  This request was approved the same day by the shift commander.[35]

As for the other named Defendants, Ramey baldly asserts that he is "one hundred percent (100%) sure that these officers" were personally involved "in this claim."[36]  He maintains, without proof, that Holt, Macidym, Alleman, and Matthews were "on shift the day of the incident," (that is, October 6, 2018), and were "stationed in" the RHU.[37]  Ramey further contends that the Court "would ha[ve] to verify through Defendants' counsel if the Defendants are the officers that were on shift."[38]

Ramey is mistaken.  At summary judgment, it is *his* responsibility, not the Court's, to proffer evidence showing that a jury reasonably could find in his favor on his claims.[39]  Although Ramey argues that his lack of evidence is Defendants' fault for failing to respond to discovery requests, the Court will not entertain such

---

[33] Doc. 56 at 8.
[34] *Id.*
[35] *Id.*
[36] *Id.* at 2.
[37] *Id.*  Ramey does not mention Boone in his Rule 56 briefing.
[38] *Id.*; *see also* Doc. 65 at 2.
[39] *See Daniels*, 776 F.3d at 192 (quoting *Liberty Lobby*, 477 U.S. at 252).

7

arguments at the Rule 56 stage. Discovery ended in April 2021[40]; any discovery dispute should have been presented—before that deadline—to the opposing party and then, if unable to be resolved, to the Court.[41]

Moreover, the discovery request on which Ramey relies is from August 2019,[42] long before the amended complaint was filed and served on Defendants. The Court further notes that on June 8, 2021, in response to Ramey's "objections" to discovery closing,[43] the Court ordered Defendants to respond to any outstanding discovery requests.[44] Ramey raised no further discovery-related complaints with the Court after its June 8 Order.

Accordingly, Ramey has failed to establish personal involvement for any Defendant except Schilling. The Court is thus constrained to grant judgment in favor of Defendants Holt, Macidym, Alleman, Matthews, and Boone on Ramey's Section 1983 claims.

### B. State Sovereign Immunity

Even if Ramey were able to establish Defendants' personal involvement, his claims are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution prevents federal courts from entertaining lawsuits—by United

---

[40] *See* Doc. 37.
[41] *See* LOCAL RULE OF COURT 26.3.
[42] *See* Doc. 56 at 2; Doc. 12.
[43] Doc. 50.
[44] *See* Doc. 51 at 1.

States citizens or citizens of foreign states—brought against a state.[45]  This immunity from private suit extends to state agencies as well as state officials acting in their official capacity, because such lawsuits are essentially civil actions "against the State itself."[46]  States may waive this immunity if they choose, but Pennsylvania has explicitly not waived its immunity with respect to claims brought under Section 1983.[47]  There are two exceptions to the Eleventh Amendment's bar to private suits against nonconsenting states: (1) "Congress may abrogate a state's immunity" and (2) "parties may sue state officers for *prospective* injunctive and declaratory relief."[48]

Ramey has sued Defendants in their official capacity only.[49]  Such claims against state officials in their official capacity are barred by the Eleventh Amendment unless immunity is waived or an exception applies.[50]  Ramey argues—without any legal support—that his amended complaint asserts claims against Defendants in both their official and individual capacities because he

---

[45] U.S. CONST. amend. XI; *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).
[46] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).
[47] *See* 42 PA. CONS. STAT. § 8521(b); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 & n.5 (3d Cir. 2010) (citing 42 PA. CONS. STAT. § 8521(b)).
[48] *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998) (emphasis added) (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123 (1908)).
[49] *See* Doc. 24 at 2; Doc. 48 ¶¶ 1-6.
[50] *Will*, 491 U.S. at 71.

sought punitive damages in his "Requested Relief" section.[51]  The Court disagrees.

Although it is well settled that *pro se* pleadings must be liberally construed,[52] that does not mean a Court should override a *pro se* litigant's explicit allegations or provide substantive legal assistance.[53]  Ramey's typewritten, amended complaint is unambiguous.  He provides a separate paragraph identifying each Defendant and ends each paragraph by stating, "He is being sued in his 'official' capacity."[54]

Ramey further alleges in his amended complaint that he is asserting "constitutional violations by the institution,"[55] as opposed to the individual defendants.  There is nothing to "construe" from such plain language other than that Ramey's claims target Defendants in their official capacity only.  The request for punitive damages alone does not override Ramey's otherwise express allegations throughout the rest of his amended complaint.[56]

---

[51] *See* Doc. 65 at 2.
[52] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).
[53] *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "courts need not provide substantive legal advice to pro se litigants" and that "pro se litigants still must allege sufficient facts in their complaints to support a claim").
[54] Doc. 24 at 2; *see also* Doc. 48 ¶¶ 1-6 (unanswered and thus deemed admitted).
[55] Doc. 24 at 3, 5.
[56] The United States Court of Appeals for the Third Circuit employs a "course of proceedings" test to determine whether a Section 1983 plaintiff sued a state official in an official or individual capacity when the plaintiff's intentions are unclear from the complaint.  *See Melo v. Hafer*, 912 F.2d 628, 635-36 & n.7 (3d Cir. 1990); *Gregory v. Chehi*, 843 F.2d 111, 119 (3d Cir. 1988) (explaining that, because complaint was ambiguous, court "must interpret the pleadings to ascertain what plaintiff should have stated specifically").  However, Ramey's allegations in his amended complaint are not unclear or unspecified.  Nor did Defendants

Ramey identifies no exception to sovereign immunity that would apply in this case.⁵⁷  Consequently, summary judgment must be granted in favor of all Defendants on Ramey's Section 1983 claims because those claims are barred by the Eleventh Amendment.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. 45) for summary judgment.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

respond in their motion for summary judgment with defenses that would indicate individual capacity claims, like assertions of qualified immunity.  *See Melo*, 912. F.2d at 636.

⁵⁷  Ramey's amended complaint includes a request for declaratory relief, but not *prospective* declaratory relief.  *See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984)).  He seeks a declaration that his constitutional rights were violated.  *See* Doc. 24 at 5; Doc. 48 ¶ 8.  Ramey further concedes that his request for declaratory relief is redundant of his claims for monetary damages.  *See* Doc. 56 at 3.  Accordingly, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply.

11